**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60218
_____

AZTEC GENERAL AGENCY,

Petitioner,

VERSUS

FEDERAL DEPOSIT INSURANCE CORPORATION,
in its corporate capacity,

Respondent.

_____

Petition for Review of an Order of the
Federal Deposit Insurance Corporation

(12-USC-1821(f)(4))
_____

March 28, 1997

Before EMILIO M. GARZA, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Petitioner, Aztec General Agency ("Aztec"), appeals an order of the Federal Deposit Insurance Corporation ("FDIC"), in which the FDIC disallowed Aztec's claim for payment on approximately fifty-four (54) Letters of Credit issued for the benefit of Aztec. Finding that the FDIC's cursory denial precluding Aztec's claim fails to provide a reasoned explanation under the appropriate standard of review, we vacate and remand.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Under the facts of this case, Aztec was the beneficiary of approximately fifty-four (54) Letters of Credit issued by various federally insured banks some of which failed and were taken over by the FDIC.[1] Aztec filed a claim with the FDIC to collect on the Letters of Credit. Aztec claims that the Letters of Credit are "insured deposits" pursuant to 12 U.S.C. §1813(l), and not "standby" letters of credit. The United States Supreme Court in Federal Deposit Ins. Corp. v. Philadelphia Gear Corp., 476 U.S. 426, 106 S. Ct. 1931, 90 L. Ed. 2d 428 (1986), set forth the test to determine when a letter of credit is considered an insured deposit under § 1813(l); whether the letter of credit is backed by the customer's money or its equivalent in the issuer's (bank's) custody, or is backed by some type of contingent liability.

The FDIC in its "Notice of Disallowance of Claim" provided a cursory explanation for its denial. Specifically, the FDIC stated that:

> The Letters of Credit comprising your claim were secured by contingent promissory notes, and no money or its equivalent had been given for consideration. Therefore, the Letters of Credit do not constitute insured deposits as defined in 12 U.S.C. § 1813(l). Additionally, Aztec cannot file under the claims procedure in regards to these Letters of Credit, as the time frame for filing has expired for all of the receiverships.

No documentation or further explanation was provided as to how the FDIC arrived at its decision. Thereafter, Aztec filed its appeal to this Court pursuant to 12 U.S.C. § 1821(f)(4).

---

[1] It is unclear from the record before this Court which of the LOCs were issued by banks that have failed and were taken over by the FDIC and which were issued by banks that have not failed. This distinction is not relevant to the issue before the Court.

Under the Administrative Procedures Act, the appropriate standard of review by this Court of an agency decision is whether the agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706(2)(A). Under this standard, "our role is to review the agency action to determine whether the decision 'was based on a consideration of the relevant factors and whether there was a clear error of judgment.'" State of Louisiana, ex rel. Guste v. Verity, 853 F.2d 322, 327 (5th Cir. 1988) (quoting Motor Vehicles Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S. Ct. 2856, 2866-67, 77 L. Ed. 2d 443 (1983)). It is these factors which the Supreme Court enunciated in Philadelphia Gear that the FDIC must discuss in addressing Aztec's claim in order for this Court to determine whether its decision was arbitrary and capricious, an abuse of discretion, or not otherwise in accordance with the law. As to the FDIC's conclusory explanation that Aztec's claim was time barred, we find that the FDIC failed to provide any analysis on this point.

Traditionally, the task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971). Thus, where an agency's decision is based on an administrative record, the decision should be reviewed in light of that record. Typically, the focal point for judicial review should be the administrative record as it stood when the

3

agency acted, not a new record made initially in the reviewing court. Camp v. Pitts, 411 U.S. 138, 142, 93 S. Ct. 1241, 1244, 36 L. Ed. 2d 106 (1973). The grounds upon which the agency acted must be clearly disclosed in, and sustained by, the record. American Petroleum Inst. v. EPA, 540 F.2d 1023, 1029 (10th Cir. 1976) (construing Motor Vehicle Mfrs., 463 U.S. 29, 103 S. Ct. 2856). The agency must make plain its course of inquiry, its analysis, and its reasoning. Id. However, if the agency has failed to provide a reasoned explanation for its action, or if limitations in the administrative record make it impossible to conclude the action was the product of reasoned decision making, the reviewing court should ordinarily remand the case to the agency for further explanation. Camp, 411 U.S. at 142, 93 S. Ct. at 1244; Motor Vehicle Mfrs., 463 U.S. at 50-57, 103 S. Ct. at 2870-74. Moreover, if the record before the agency does not support the agency's decision, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional explanation. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S. Ct. 1598, 1607, 84 L. Ed. 2d 643 (1985).

Applying these standards to the case before us and the administrative record presented to this Court,[2] we conclude that

---

[2]    The administrative record presented for this Court's review included only Aztec's claim with copies of the letters of credit issued to Aztec and the FDIC's one-page denial of Aztec's claim.

4

the FDIC's decision in this case was not accompanied by an adequate basis and reasoned explanation in its denial of Aztec's claim. On the one hand the FDIC, in its Summary of Argument[3], states that its "review of the records of the issuing institutions reveals that no hard assets backed the issuance of Aztec's LOCs." However, the FDIC further states that the deposit account records are lacking in the administrative record, and that the records are stored in warehouses spread over three cities. We find the FDIC's explanation in denying Aztec's claim incongruous with its assertions above given its declaration regarding the records necessary to determine the correctness of Aztec's claim. Because of the deficiencies in the administrative record, this Court is unable to conduct a proper review and it is impossible to conclude whether the FDIC's actions were the product of reasoned decision making.

Therefore, based on the foregoing discussion, we VACATE the FDIC's decision and REMAND this cause to the FDIC for proceedings consistent with this opinion.

VACATED and REMANDED.

---

[3] The FDIC failed to file its brief by the due date and its motion to file brief out of time was denied. However, this Court allowed the FDIC to file a four page "Summary of Argument" to which we refer.